IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS REGGIE YOUNG, JR., | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 7:06-CV-71 (HL) |
| | : | |
| RICKY BRYANT, Director; | : | |
| Ms. SIMPSON, Probation Officer; | : | |
| DAY REPORTING CENTER, | : | |
| | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **THOMAS REGGIE YOUNG JR.**, an inmate at the Tift County Law Enforcement Center in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that his cousin, who resides in Delaware, sent him, his son, and his nephew various articles of clothing. However, his sister sold the clothing, as opposed to giving it to him. Plaintiff states that when he told his cousin of his sister's action, his sister became upset and "she went to the [Day Reporting Center and] told Ms. Simpson a bunch of lies [and] got copies of my urine specimen." Plaintiff alleges that his sister then had his bondsman "to go off [his] bond," and had him arrested.

Plaintiff states that the Day Reporting Center and Ms. Simpson "gave my sister a medical file on me concerning my urine analysis . . . which has caused me pain [and] suffering." Plaintiff alleges that, due to the actions of the Day Reporting Center, he has lost his job and his good "name has been scandalized [and] reputation ruined."

Plaintiff also alleges that the Day Reporting Center is discriminating against him. Specifically, plaintiff states that he has been held more than ten days although he has "seen a lot of people get incarcerated . . . [and] they usually give you 10 days for a dirty urine."

Plaintiff has named the Day Reporting Center in Tifton Georgia as a defendant in this action. However, the Day Reporting Center is not a legal entity that is subject to suit. ***See Dean v. Barber***, 951 F.2d 1210 (11th Cir. 1992).

For this reason, the Undersigned **RECOMMENDS** that the Day Reporting Center be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Second, plaintiff has named Ricky Bryant, the director of the Day Reporting Center, as a defendant. However, plaintiff has in no way explained how Mr. Bryant violated any of his constitutional rights. Perhaps plaintiff has named Mr. Bryant simply because he is the director of the Day Reporting Center. However, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor (or in this case director) personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

As explained above, plaintiff does not allege that Ricky Bryant was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Mr. Bryant responsible for plaintiff's alleged constitutional deprivations.

For this reason, the Undersigned **RECOMMENDS** that Ricky Bryant be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff also alleges he is being discriminated against because certain unnamed persons, who have "dirty urine," are released after serving ten days; but he has been incarcerated for a longer period of time. Conclusory allegations of discrimination do not state a claim under the Equal Protection Clause. Plaintiff has failed to provide any facts to support his allegation of discrimination. *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (11th Cir.1986) (finding that the inmate must establish that he is similarly situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest). Plaintiff simply has provided no factual support for his allegation of discrimination.

For this reason, the Undersigned **RECOMMENDS** that plaintiff's claim of discrimination be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 14th day of August, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb