IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

THOMAS REGGIE YOUNG, JR., :
:
   Plaintiff, :
:
vs. : Civil Action File No.
: **7:06-CV-71 (HL)**
MS. SIMPSON, Probation Officer, :
:
   Defendant. :
:

## RECOMMENDATION

Presently pending in this *pro se* 42 U.S.C. §1983 action are defendant's motion to file an out of time motion for summary judgment (doc. 26) defendant's motion for summary judgment (doc. 27).

In February 2002, Plaintiff Thomas Reggie Young, Jr. was convicted of First Degree Forgery in Tift County, Georgia, Superior Court and was sentenced to 10 years probation. (Doc. 2; Simpson Aff., Exh. C). In May 2006, after conducting a hearing, the Court entered a revocation order finding that Mr. Young had violated certain probation conditions. (Simpson Aff., Exh. E). The Court directed Mr. Young to remain at the Tifton Judicial Circuit Day Reporting Center ("TDRC") until he completed its program. (Id.). The Court ordered "[u]pon the Defendants first positive drug screen his bond will be revoked and he will remain in jail until he goes to trial." (Id.). On July 7, 2006, Defendant Simpson, a TDRC Probation Officer, filed an affidavit and warrant for Mr. Young's arrest. (Simpson Aff., Exh. C). As grounds, Ms. Simpson stated that on

July 7, Mr. Young violated a probation condition by testing positive for marijuana and cocaine.

(Id.). On July 10, the Court agreed and issued an arrest warrant. (Id.).

Mr. Young alleges that Ms. Simpson gave his sister his drug test results in violation of his constitutional rights. (Id. at 2). Also, he contends that Ms. Simpson improperly issued a warrant based on his sister's false statements. (Id.). Mr. Young seeks monetary damages and reinstatement to the drug program. (Id. at 6).

Ms. Simpson is currently employed by the Georgia Department of Corrections ("GDOC") at the TDRC, and has been since October 16, 2004. (Simpson Aff. at ¶ 4). Ms. Simpson's responsibilities include the supervision of probation and parolees at the TDRC and field probation. (Id. at ¶ 5). The TDRC provides intensive substance abuse treatment for up to 100 probationers and parolees who have not responded to more traditional supervision and treatment efforts. (Id. at ¶ 6). Illegal substance use is tested on a regular basis as a probation and/or parole requirement. (Id. at ¶ 10). Failure in the program results in revocation proceedings against the offender. (Id. at ¶ 7).

On May 4, 2006, Mr. Young executed the TDRC's drug testing policy form evidencing his understanding and acceptance of its terms. (Id. at ¶ 12, Exh. A). Later, the TDRC accepted Mr. Young's probation case. (Id. at ¶ 14). As a TDRC requirement, Mr. Young was tested for drugs on May 8. The results were positive for marijuana and cocaine. (Id. at ¶ 15, Exh. B). Mr. Young received numerous positive drug results thereafter on: May 15, May 18, May 23, May 25, May 30, June 5, June 12, June 29, and July 7, 2006. (Id. at ¶ 16). Mr. Young failed to report for screening on: May 12, June 2, June 7, June 8, June 9, June 12, June 14, June 15, June 16, June 19, June 23, June 30, July 3, and July 5, 2006. (Id. at ¶ 17).

On July 7, after Mr. Young tested positive for marijuana and cocaine, Ms. Simpson sought an

arrest warrant. (Id. at ¶¶ 16, 19, Exh. C). On July 9, Ms. Simpson attended an off premises substance abuse training seminar at Mercer University which concluded on July 13. (Id. at ¶ 20, Exh. D). Immediately following, Ms. Simpson attended a work-related meeting in Macon, Georgia, returning to work at the TDRC on July 17. (Id.).

According to Mr. Young's file, Miss Young visited TDRC and spoke with Probation Officer Donna Ingram. Miss Young requested that Mr. Young's probation be revoked because she witnessed him use marijuana and because he had been evicted from his aunt's residence for stealing. (Id. at ¶ 23). Upon another visit, on July 12th, Miss Young spoke with Ms. Robbie Fox, again complaining about Mr. Young's illegal behavior. (Id. at ¶ 24). After being informed that Mr. Young's probation included a condition that a positive drug test supported revocation, Ms. Fox searched the TDRC database and discovered the July 7th warrant previously issued by Ms. Simpson. (Id. at ¶¶ 25, 26, Exhs. C, E). Consequently, that warrant was served on July 14th, and Mr. Young was arrested. (Id. at ¶ 27). Defendant Simpson denies giving plaintiff's sister any information about him, and states that she was out of town during the relevant time frame in which plaintiff asserts his sister obtained the information.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Defendant states she is entitled to summary judgment under the theories of *respondeat superior* and qualified immunity.

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986); H.C. by Hewett v. Jarrard, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a

causal connection between the actions of the supervising official and the alleged constitutional deprivation. H.C. by Hewett, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v . Crawford, 906 F.2d 667, 671 (11th Cir. 1990), cert. denied, 500 U.S. 933 (1991).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1992), held that the complaint must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights. In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law. Adams v. Poag, 61 F.3d 1537 (11th Cir. 1996).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate the existence of genuine issues of material fact as to whether the official's actions violated the clearly-established law. Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).

The Eleventh Circuit has held that in order to overcome the defense of qualified immunity, the plaintiff "must show that defendants violated [plaintiffs'] clearly established federal rights and that every reasonable officer faced with the circumstances facing these defendants would

5

have known that defendants' acts were unlawful." Hansen v. Soldenwagner, 19 F.3d 573, 575 (11th Cir. 1994).

Once an officer or official has raised the defense of qualified immunity, the burden of persuasion as to that issue is on the plaintiff. See, e.g., Suissa v. Fulton County, 74 F.3d 266, 269 (11th Cir.1996); Barnette v. Folmar, 64 F.3d 598, 600 (11th Cir.1995); Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 n. 3 (11th Cir.1994).

Plaintiff filed a response to the motion for summary judgment wherein he re-states the allegations made in his complaint. Plaintiff states that he will have witnesses to support his allegations at trial, but fails to identify them, provide their affidavits, or provide any other evidence in support of his allegations. Plaintiff's bare allegations cannot survive this properly supported motion for summary judgment.

Accordingly, it is the RECOMMENDATION of the undersigned that defendant's motion to file an out of time motion for summary judgment (doc. 26) be **GRANTED** and that defendant's motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 29th day of July, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd